IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| 3850 & 3860 COLONIAL BLVD., LLC, | § | |
| | § | |
| Plaintiff Below- | § | No. 124, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Court of Chancery |
| | § | of the State of Delaware, |
| CHRISTOPHER E. GRIFFIN and | § | C.A. No. 9575-VCN |
| RUBICON MEDIA, INC., | § | |
| | § | |
| Defendants Below- | § | |
| Appellees. | § | |

Submitted: March 30, 2015
Decided: May 1, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices.

## **O R D E R**

This 1st day of May 2015, it appears to the Court that:

(1) The plaintiff-appellant, 3850 & 3860 Colonial Blvd., LLC ("Colonial"), has petitioned this Court, under Supreme Court Rule 42, to accept an appeal from an interlocutory letter opinion and order of the Court of Chancery dated February 26, 2015 ("Letter Opinion"). The Letter Opinion stayed Colonial's breach of fiduciary duty action pending arbitration, in accordance with an arbitration provision in the limited liability company agreement of its predecessor entity, Rubicon Media LLC ("the LLC"). The Letter Opinion noted that, although the LLC's sole director Christopher Griffin had later converted the LLC into a

corporation, Colonial's fiduciary duty claims arose from a transaction entered into by the LLC.

(2) Colonial filed its application for certification to take an interlocutory appeal in the Court of Chancery on March 9, 2015. The Court of Chancery denied the certification application on March 30, 2015. In denying certification, the Court of Chancery noted that although the facts of the case are unusual, the Letter Opinion, which stayed Colonial's action to allow the arbitration forum to resolve the question of who should decide the dispute, did not go to the actual merits of any claims and applied well-settled law. The case thus did not present extraordinary or exceptional circumstances to warrant certification of an interlocutory appeal.

(3) We agree with the Vice Chancellor's rationale. Applications for interlocutory review are addressed to the sound discretion of this Court. In the exercise of its discretion, this Court has concluded, for the reasons stated by the Court of Chancery, that the application for interlocutory review does not meet the requirements of Supreme Court Rule 42(b) and should be refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the within interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice